# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| IN RE FLUOROQUINOLONE PRODUCTS LIABILITY LITIGATION | MDL No. 15-2642 (JRT) |
| | |
| MSP RECOVERY CLAIMS, SERIES LLC; MSPA CLAIMS 1, LLC; MAO-MSO RECOVERY II LLC; and MSP RECOVERY CLAIMS SERIES 44, LLC, | Case No. 19-0478 (JRT) |
| Plaintiffs, | |
| | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| | |
| BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER CORPORATION; BAYER AG; MERCK SHARP & DOHME CORPORATION; JOHNSON & JOHNSON; JANSSEN RESEARCH & DEVELOPMENT, LLC; JANSSEN PHARMACEUTICALS, INC.; and MCKESSON CORPORATION, | |
| Defendants. | |

---

Janpaul Portal and John H. Ruiz, **MSP RECOVERY LAW FIRM**, 2701 S. Le Jeune Road, Tenth Floor, Coral Gables, FL 33134, for plaintiffs.

Tracy J. Van Steenburgh, **NILAN JOHNSON LEWIS PA**, 250 Marquette Avenue South 800, Minneapolis, MN 5540; Jessica Davidson, **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**, one Manhattan West, New York, NY 10001; John D. Winter, **PATTERSON BELKNAP WEBB & TYLER LLP**, 133 Avenue of the Americas, New York, NY 10036; James F. Murdica, **BARNES & THORNBURG LLP**, One North Wacker Drive, Suite 4400, Chicago, IL 60606; Arthur E. Brown, Lori B. Leskin, and Andrew K. Solow, **ARNOLD & PORTER KAYE SCHOLER LLP**, 250 West 55th Street, New York, NY 10019; Joseph M. Price and Cicely R. Miltich, **FAEGRE BAKER DANIELS LLP**, 2200 Wells Fargo Center 90 South Seventh Street, Minneapolis, MN 55402, for defendants.

Plaintiffs are companies that have obtained assignments from multiple third-party payers of enrollees' health care costs ("Assignors") that seek to enforce the recovery rights that flow from these assignments. Plaintiffs bring this claim against the Defendant pharmaceutical companies for strict liability, product liability, negligence, breach of warranty, fraud, negligent misrepresentation, fraudulent concealment, and violation of state consumer protection and fraud laws.  Defendants have moved to dismiss Plaintiffs' First Amended Complaint in its entirety for, inter alia, lack of personal jurisdiction. Because the Court finds that Plaintiffs fail to plead facts supporting personal jurisdiction over Defendants, the Court lacks jurisdiction over this action and will therefore grant Defendants' motion to dismiss.

## BACKGROUND

The Defendants in this case are Bayer Healthcare Pharmaceuticals, Inc., Bayer Corporation, Bayer AG, Bayer Pharma AG, Merck & Co., Inc. (collectively "Bayer Defendants"); Johnson & Johnson, Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc. (collectively "J&J Defendants"); and McKesson Corporation. Defendants designed, developed, manufactured, tested, packaged, promoted, labeled, marketed, sold, and/or distributed the fluoroquinolone ("FLQ") drugs Cipro® (ciprofloxacin), Avelox® (moxifloxacin), and Levaquin® (levofloxacin).  (1st Am. Compl. ("FAC") ¶¶ 1–3, 51, 61, Nov. 1, 2022, Docket No. 37.)  The FLQ drugs are broad-spectrum

synthetic antibacterial agents used to treat lung, sinus, skin, and urinary tract infections.

(*Id*. ¶ 76.)  Plaintiffs allege that use of these treatments has been linked to peripheral

neuropathy, which both J&J and Bayer have publicly acknowledged.  (*Id*. ¶¶ 7, 137.)

Assignors provided health insurance coverage under Medicare Parts C and D and

provided commercial contracts for insurance to Enrollees.  (*Id*. ¶ 6.)  Assignors allegedly

suffered financial injury because they had to pay for or otherwise provide medical care

for the injuries resulting from the prescription and ingestion of the FLQ drugs.  (*Id.* ¶¶ 7–

8.)  Plaintiffs MSP Recovery Claims; Series LLC; MSPA Claims 1, LLC; Series PMPI, a

designated series of MAO-MSO Recovery II, LLC; and MSP Recovery Claims Series 44, LLC

then obtained the Assignors' right to recover reimbursement or payment.  (*Id*. ¶¶ 6, 9,

19.)  Plaintiffs allege that the Defendants' wrongful conduct was the direct and proximate

cause of these injuries to Enrollees and Assignors, and that they knew or should have

known of the risks associated with fluroquinolones but concealed their knowledge and

failed to adequately disclose those risks.  (FAC ¶¶ 10, 12.)

Plaintiffs first filed suit in Florida state court in September 2018, seeking a pure bill

of discovery in support of planned future recovery.  (Compl. at 72.)  The pure bill of

discovery sought information from Defendants regarding their FLQ drug products "to

confirm the identity of the proper defendant and the appropriate legal theory of relief"

and ultimately aid Plaintiffs in bringing or defending their action.  (*Id*. ¶ 139.)  The action

was removed to Florida federal court in November 2018 and then transferred to this

Court in 2019.  (Notice of Removal, Nov. 2, 2018, Docket No. 1; Transfer Order, Feb. 6,

2019, Docket No. 25.)  In September 2022, the Court issued an Order to Show Cause why

the case should not be dismissed for failure to prosecute the action.  (Am. Order Show

Cause, Sept. 6, 2022, Docket No. 31.)  In response, Plaintiffs filed an Amended Complaint

on November 1, 2022, pleading ten causes of action, including strict liability, breach of

express and implied warranties, and fraud.  (FAC ¶¶ 200–411.) Defendants now move to

dismiss Plaintiffs' Amended Complaint in its entirety.  (Defs.' Mot. Dismiss, Jan. 6, 2023,

Docket No. 47; Defs.' Mem. Supp. Mot. Dismiss, Jan. 6, 2023, Docket No. 49.)

## DISCUSSION

### I.    STANDARD OF REVIEW

In reviewing a motion to dismiss brought under Federal Rule of Civil Procedure

12(b)(6), the Court considers all facts alleged in the Complaint as true to determine if the

Complaint states a "'claim to relief that is plausible on its face.'"  *Braden v. Wal-Mart*

*Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)).  To survive a motion to dismiss, a Complaint must provide more than "'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Iqbal*, 556

U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Although the

Court accepts the Complaint's factual allegations as true, it is "not bound to accept as true

a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (internal

quotation mark omitted).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore must be dismissed. *Id*. (internal quotation marks omitted). Finally, Rule 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

At the motion to dismiss stage, the Court "generally must ignore materials outside the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8ᵗʰ Cir. 1999). However, the Court may, in its discretion, "additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, [or] matters of public record . . .' without converting the motion into one for summary judgment." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357); *Thompson v. Olsten Kimberly Quality-Care, Inc.*, 980 F. Supp. 1035, 1037 n.1 (D. Minn. 1997) ("[I]t is well-settled that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." (internal quotation omitted)). A court may also consider "materials that are 'necessarily embraced by the pleadings.'" *Porous Media Corp*., 186 F.3d at 1079 (quoting *Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co.*, 967 F. Supp. 1148, 1152 (D. Minn. 1997)).

## II.      PERSONAL JURISDICTION

Defendants argue that they are not subject to personal jurisdiction in the District

of Minnesota because Plaintiffs fail to make a prima facie case under the Florida long-arm

statute and many of the claims fail to satisfy basic due process restrictions on the exercise

of personal jurisdiction.

"Federal courts apply the long-arm statute of the forum state to determine the

existence of personal jurisdiction over the parties." *Whaley v. Esebag*, 946 F.3d 447, 451

(8th Cir. 2020).  In the seminal case of *Venetian Salami Co. v. Parthenais*, 554 So.2d 499,

502 (Fla. 1989), the Florida Supreme Court set out a two-step process to determine if

personal jurisdiction exists over a nonresident defendant.  A court must first determine

whether sufficient facts have been alleged to bring the action within the ambit of Florida's

long-arm statute.  *Id.*  If the statute applies, the court must then determine whether there

are sufficient "minimum contacts" on the part of the defendant to satisfy due process

requirements.  *Id.*  The scope of Florida's long-arm statute is a question of Florida law.

*See Madara v. Hall*, 916 F. 2d 1510, 1514 (11th Cir. 1990).  Moreover, "Florida's long-arm

statute is to be strictly construed."  *Sculptchair, Inc. v. Century Arts, Ltd*, 94 F.3d at 623,

627 (11th Cir. 1996) (citation omitted).

Florida's long-arm statute provides for both general and specific personal

jurisdiction.  *See* Fla. Stat. § 48.193.  Specific personal jurisdiction exists when the cause

of action arises from or relates to a defendant's actions within Florida or when a

nonresident defendant's contacts with Florida relate to the plaintiff's cause of action. *See* Fla. Stat. § 48.193(1)(a). A court may exercise specific personal jurisdiction over a nonresident defendant only if they engaged in one of the enumerated acts listed under Fla. Stat. § 48.193(1)(a), provided the plaintiff's claims arise from those acts. *See Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 790 (11th Cir. 2017) (citing *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203–04 (11th Cir. 2015)). Relevantly, Section 48.193(1)(a)(2) includes a tort provision that subjects a nonresident defendant to personal jurisdiction in Florida "for any cause of action arising from . . . [c]ommitting a tortious act within [Florida]." Fla. Stat. § 48.193(1)(a)(2). A nonresident can also be subject to personal jurisdiction if they are "[o]perating, conducting, engaging in, or carrying on a business or business venture in [Florida] or having an office or agency in [Florida]" (the "business venture provision") or "[c]ausing injury to persons or property within [Florida] arising out of an act or omission by the defendant outside [Florida]" (the "personal injury provision") in certain circumstances. Fla. Stat. §§ 48.193(1)(a)(1), (6).

General personal jurisdiction exists when a defendant is engaged in "substantial and not isolated" activity within Florida—whether or not the claim arises from that activity. Fla. Stat. § 48.193(2). *See also Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1220 n. 27 (11th Cir. 2009). Florida courts have held "substantial and not isolated" to mean "continuous and systematic general business contact" within Florida. *See, e.g.,*

*Woods v. Nova Cos, Belize Ltd.*, 739 So. 2d 617, 620 (Fla. Dist. Ct. App. 1999); *Am. Overseas*

*Marine Corp. v. Patterson*, 632 So. 2d 1124, 1127 (Fla. Dist. Ct. App. 1994).

Neither party disputes that the issue of personal jurisdiction is a question of law

controlled by Florida's long arm statute.  Moreover, there is no question that the Court

must first determine whether sufficient facts exist to confer personal jurisdiction before

it can consider the merits of the case.  *See Caiazzo v. Am. Royal Arts Corp.*, 73 So. 3d 245,

250 (Fla. Dist. Ct. App. 2011) (stating that the court must initially determine if sufficient

facts exist to confer either specific jurisdiction or general jurisdiction pursuant to Florida's

long-arm statute).

Here, Plaintiffs fail to plead any facts to demonstrate specific personal jurisdiction

on any of the three enumerated grounds they cite.  Under the business venture ground,

Plaintiffs assert that Defendants' general business practices involve the sale and

distribution of FLQs in Florida and the revenue derived therefrom.  Plaintiffs argue that

Assignors identified over 2 million instances in which they incurred expenses relating to

the Enrollees' FLQ-induced peripheral neuropathy.  Moreover, many of these claims were

paid by a Florida-based Assignor for its Florida beneficiaries that received care and

treatment in Florida.  Plaintiffs generally claim that Defendants introduced FLQs into the

stream of commerce in Florida, where the drugs injured Enrollees and caused Assignor's

financial injury.

These allegations indeed suggest that Defendants were engaged in business within

Florida, specifically through the distribution and sale of FLQs in Florida.   However,

Plaintiffs have not alleged any facts showing its particular causes of action directly arose

from these alleged Florida-related acts.  *See MSP Recovery Claims, Series 44 LLC v. Great*

*Am. Ins. Co.*, No. 20-24094, 2021 WL 8343191, at *3 (S.D. Fla. June 11, 2021) (finding that

allegations that Defendants were registered to do business in Florida and paid direct

premiums and losses in Florida did not confer jurisdiction for failure-to-reimburse claims

in Florida).  Plaintiffs' claims in this action do not arise from Defendants' **sale** of the FLQ

drugs in Florida.  Rather, Plaintiffs' claims arise from medical expenses that the Assignors

incurred as a result of Defendants' alleged failure to reimburse Assignors.  *See MSP*

*Recovery Claims Series, LLC v. Nationwide Mut. Ins. Co.*, No. 20-21573, 2021 WL 355133,

at *4 (S.D. Fla. Feb. 2, 2021) (finding no personal jurisdiction under Florida's long-arm

statute based on insurance companies' business and contracts with insureds in Florida

because failure-to-reimburse claims did not directly arise from those contacts).  The

exhibit evidence that Plaintiffs point to similarly does not establish sufficient connections

to Florida.

Under the personal injury ground, Plaintiffs allege that the Court has specific

personal jurisdiction over Defendants because Defendants have significant contacts in the

vicinity of Florida that a "substantial part of the events and omissions giving rise to

Plaintiffs' cause of action" occurred in the vicinage of Florida.  (FAC ¶¶ 71–72.)  But

jurisdiction here still fails because Plaintiffs seek to recover economic losses that stem from Assignors not receiving reimbursements—not the underlying personal injury that may have occurred in Florida.

While Plaintiffs assert that they "stand in the shoes of Enrollees" in order to "collect the payments that were made by the Assignors," their lawsuit is to recover damages for injuries sustained by the Assignors as a result of Defendants' wrongful conduct. (FAC ¶¶ 9, 12.) (Emphasis added). Ultimately, the Assignors seek reimbursement, and the Plaintiffs stand in the **Assignors' shoes** to recover economic losses—not the Enrollees' shoes. In this way, Plaintiffs' cause of action does not substantively connect to the underlying personal injury. *See MSP Recovery Claims, Series LLC v. Coloplast Corp.*, 353 So. 3d 705, 707 ("MSP dispelled any notion of this being a personal injury action by admitting on appeal that '[e]ventually, Appellants intend to pursue recoveries for damages **sustained by the Assignors'** [sic] as a result of Appellees' defective products—**not personal injury claims on behalf of the Enrollees**.'") (emphasis in original).

Moreover, Florida courts have made clear that "[e]conomic losses are insufficient under [Fla. Stat. §§ 48.193(1)(a)(6)], which requires personal injury or physical property damage." *Ardell, Inc. v. Lochiel Expeditions, Ltd.*, No. 15-60907, 2015 WL 13815415, at *3 (S.D. Fla. Aug. 7, 2015) (citations omitted); *MSP Recovery Claims, Series 44 LLC v. Great Am. Ins. Co.*, No. 20-24094, 2021 WL 8343191, at *5 (S.D. Fla. June 11, 2021). Because

Plaintiff's Assignors' alleged injuries are purely economic, section 48.193(1)(a)(6)(a) is

inapplicable.  *See Great Am. Ins. Co.*, 2021 WL 8343191 at *5.

Lastly, under for the tort provision, Plaintiffs allege that the underlying tort,

subsequent personal injuries, medical treatment, and payments occurred in Florida.

Plaintiffs also assert that those torts were caused by products manufactured by

Defendants that were used within Florida in the ordinary course of commerce, trade, or

use.  Thus, Plaintiffs allege that the Enrollee's FLQ-related personal injury claims are

"inextricably intertwined" with the Plaintiffs' potential claims for reimbursement.  (Pls.'

Mem. Opp. Mot. Dismiss at 11, Feb. 24, 2023, Docket No. 58.)  However, Defendants did

not commit any torts against the Plaintiffs directly, and Plaintiffs do not allege that they

seek recovery for personal injury claims on behalf of the Enrollees.  Therefore, "there is

no substantive connection between the basis of the cause of action and the activity in the

state, which would be any alleged torts committed against individuals in Florida."

*Coloplast Corp.*, 353 So. 3d at 707–08.

Again, for Florida's specific personal jurisdiction provisions to apply, the cause of

action must "arise out of or relate to a defendant's contacts with Florida."  *Carmouche v.

Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203–04 (11th Cir. 2015) (citing Fla. Stat. §

48.193(1)(a)).  This means that there must "be some direct affiliation, nexus, or

substantial connection between the cause of action and the activities within the

state."  *St. Martinus Univ., NV v. Caribbean Health Holding, LLC*, No. 19-22278, 2020 WL

956301, at *10 (S.D. Fla. Feb. 27, 2020) (quotation omitted).  The failure of the First Amended Complaint to allege any facts that plausibly demonstrate this connection is fatal to Plaintiff's effort to plead specific personal jurisdiction.

To the extent that Plaintiffs argue for general personal jurisdiction, Florida courts require a "showing of 'continuous and systematic general business contacts' with the forum state." *Carib–USA Ship Lines Bahamas Ltd. v. Dorsett,* 935 So.2d 1272, 1275 (Fla. Dist. Ct. App. 2006) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984)).  "The continuous and systematic general business contacts sufficient to confer general jurisdiction present a **much higher threshold** than those contacts necessary to support specific jurisdiction under section 48.193(1)."  *Trs. of Columbia Univ. v. Ocean World, S.A.,* 12 So.3d 788, 792 (Fla. Dist. Ct. App. 2009) (emphasis added) (citation and internal quotation marks omitted). Florida courts have found sufficient "continuous systematic business contacts" where a significant portion of a nonresident defendant's business operations or revenue is derived from established commercial relationships in the Florida. *Id.* at 793.  Such contacts have also been found where the defendant continuously solicits and procures substantial sales in Florida.  *Id.*  Sales in Florida will be insufficient to confer general personal jurisdiction when they only constitute a *de minimis* percentage of the nonresident's total sales.  *See id.* at 794 n.2 (collecting cases in which general jurisdiction was not found when the percentage of sales in the forum state ranged from less than 1% to 12.9%).

Here, Plaintiffs point to no facts suggesting that Defendants' business contacts with Florida are substantial, continuous, or systematic. Plaintiffs' allegation that they identified one or more purchases of the Defendants' FLQs in the State of Florida is insufficient because such purchases would be *de minimis* at best. *See Caiazzo*, 73 So. 3d at 259.

Plaintiffs have therefore failed to satisfy its initial burden to make a prima facie case of personal jurisdiction over Defendants under Florida's long-arm statute, so the Court need not conduct the due process analysis. *See Great Am. Ins. Co.*, 2021 WL 8343191, at *5 (not reaching due process analysis where defendant was not subject to jurisdiction under long-arm statute); *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1319 (11th Cir. 2006) (same). The Court will therefore grant Defendants' motion to dismiss for lack of personal jurisdiction.

## CONCLUSION

Because Plaintiffs fail to sufficiently plead personal jurisdiction over Defendants, the Court will grant Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint on this basis alone and will not consider Defendant's alternative grounds for dismissal.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiffs' First Amended

Complaint [Docket No. 47] is **GRANTED** and this action is **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 7, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

14